Welch, J.
The judgment sought to be reversed in this case was rendered against the plaintiff on demurrer to his petition in the original action, and the only question now is upon the sufficiency of that petition. It alleges, in substance, that the plaintiff is in possession of certain land devised to him by his father; that, by the true construction of the will, the plaintiff has an absolute estate in fee-simple in the land; but that the defendants, who are the other children and grandchildren of the testator, claim and assert, that if the plaintiff should die leaving no issue the estate would go in remainder to the heirs of the testator. The plaintiff, therefore, prays for a construction of the will, and that he may be quieted in his title and possession against the claim of the defendants.
In support of the demurrer it is claimed, in the first place, that the plaintiff is wrong in his construction of the will; *470 and in the second place, that, admitting him to be right, the court had no jurisdiction of the case. If the latter proposition can be maintained, the former need not be considered, as any interpretation of the will would in that event be outside of the case.
Except in cases where a trust is involved, a party cannot go into a court of equity merely to obtain the construction of a will. There is no trust involved here, and counsel do not seem to place the case upon that ground. It is claimed that the petition is in the nature of a bill “ quia timet,” or a bill of “ peace; ” or rather, that it is an action authorized by the 557th section of the code of civil procedure, which is said to be an enlargement of the remedies attainable by these bills.
That such an action could have been maintained as a bill quia timiet, or a bill of peace, before any statutory provision on the subject, is perhaps not seriously contended. It lacks the essential elements of a bill quia timet■ — the ne imguste vexes — 'the apprehension of some injury at the hands of the defendant, some loss to be occasioned to the plaintiff by the defendant’s act or omission in case of delay. The defendtants are in possession of no fund or property to be lost by delay, and they threaten no action or injurious act from which they can be enjoined. Nor is the case within the province of the old bill of peace. That was a remedy, as its name indicates, designed to “ suppress useless litigation, and to prevent multiplicity of suits.” As a general rule, the bill of peace could not be maintained unless the plaintiff had first established his right at law. One exception to this general rale was, where the parties were so numerous, or set up their several claims in such form, as to render a trial of the right at law impracticable. Another exception contended for but generally disallowed by the chancellor, was where the plaintiff was in possession, and the defendant failed to bring any action, the plaintiff having therefore no opportunity to establish his right at law. As I understand the decision of this court in Douglass v. McCoy, 5 Ohio, 522, it was to supply this precise omission that our several statutory pro *471 visions on the subject were enacted. These provisions are found in the acts of 1810, 1824, and 1831 (Chase’s Stat., pp. 687, 1278, and 1697), substantially as in the 557th section of the code, with the difference that by the latter, possession alone, instead of legal title and possession, is declared to be a sufficient basis for the action. The only effect of this provision in the code is to substitute the plaintiff’s possession for the establishment of his right by trials at law. In all other essentials the remedy by bill of peace remains the same as under the old practice. It must be a bill to suppress litigation. There must be a claim of present right by the defendants, capable of being enforced by action, or by their own act, and which, if enforced, would interfere with the plaintiff’s enjoyment of the property. Such is not the case here. There is not only no litigation to suppress, no suits to prevent, but none are threatened, and none are even practicable. Won constat but the plaintiff may leave issue at his death. Should he do so, there is no controversy and can be no litigation. Should he die without issue, and should the then living heirs of the testator set up a claim to the land, or should the defendants undertake to interfere with the plaintiff’s enjoyment of the premises during life, it will be time enough then to entertain an action for quieting the title. Sufficient unto the day is the evil thereof.. To entertain the action now would be to court litigation instead of suppressing it. The only end attainable by the action would be the expression of our opinion upon a mere question of law, and one that may never arise between the parties. I have looked in vain for any case where under such circumstances a bill to quiet title has been entertained, either with or without possession by 'the complainant, or with or without any attempt first to settle the rights of the parties at law.

Judgment affirmed.

Beinkbehoff, C.J., and Scott, White, and Day, JJ., concurred,